IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEEL S.,[1] § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 3:25-CV-00550-BU |
| FRANK BISIGNANO,[2] § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |
| § | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff filed this pro se civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. Dkt. No. 1. Before the Court is Defendant's Motion to Dismiss alleging Plaintiff's failure to exhaust administrative remedies. Dkt. No. 11. Plaintiff did not file a response to the Motion, although she later filed two sets of medical records which do not appear relevant to the issue of exhaustion. *See* Dkt. Nos. 12–13; *see also* Local Civil Rule 7.1. The Motion is now ripe for determination.[3]

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and is "automatically substituted as a party" by operation of law. FED. R. CIV. P. 25(d); *see also* 45 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[3] The undersigned exercises the full jurisdiction of the Court under Special Order No. 3-350; *see also* Dkt. No. 9.

For the reasons stated, the Motion is GRANTED, and Plaintiff's appeal is DISMISSED for lack of federal court jurisdiction.

**A. Dismissal Under Rule 12(b)(6)**

Federal judicial review of claims arising under the Social Security Act is defined in 42 U.S.C. §§ 405(g) and (h). Section 405(h) "largely curtail[s]" jurisdiction: it explains that "no findings of fact or decision of the Commissioner of Social Security shall be reviewed ... except as [provided in § 405(g)]." *Matter of Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019) (quoting 42 U.S.C. § 405(h)).

42 U.S.C. § 405(g) provides that an individual may seek judicial review in the district court of the final decision of the Commissioner of Social Security. The Commissioner's decision is final when the Appeals Council either denies review of or enters a decision regarding the Administrative Law Judge's (ALJ's) hearing decision. *See* 20. C.F.R. § 422.210(c).[4]

A failure to exhaust the administrative remedies available—which is a failure to obtain a "final decision"—forms a proper basis for dismissal under Rule 12(b)(6) without prejudice to the claimant's right to return to court after it has exhausted its administrative

---

[4] Under 20 C.F.R. § 416.1400(a), a claimant must complete four administrative stages before seeking judicial review in federal court. First, the Commissioner issues an initial determination on the claimant's application for benefits. *See id.* Second, if dissatisfied with the initial determination, the claimant may request reconsideration. *See id.* Third, if the claimant remains dissatisfied after reconsideration, she may request a hearing before an Administrative Law Judge (ALJ). *See id.* Fourth, after the ALJ issues a written decision, the claimant may seek further review by requesting review from the Appeals Council of the Social Security Administration. *See id.* Only after the Appeals Council either issues a decision or denies the claimant's request for review does a "final decision" exist, rendering the case ripe for judicial review under 42 U.S.C. § 405(g). Here, Defendant alleges that Plaintiff timely completed the first three stages but did not complete the fourth stage.

remedies. *Robert A. v. Comm'r, Soc. Sec. Admin.*, No. 2:24-CV-00043-BT, 2024 WL 4269676 (N.D. Tex. Sept. 23, 2024). As the Fifth Circuit has explained, "§ 405(h) serves a 'channeling' function, by 'strip[ping] district courts of the most obvious sources of federal jurisdiction' and then 'mak[ing] exclusive the judicial review method set forth in § 405(g),' 'which, in turn, grants jurisdiction to district courts to review *final* agency decisions made after a hearing.'" *Chambers v. Kijakazi*, 86 F.4th 1102, 1106 (2023) (quoting *Matter of Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019)) (emphasis in original).

### B. The Pleadings and Evidence Submitted

The ALJ's unfavorable decision, attached to Plaintiff's Complaint, explains the procedures for seeking review by the Appeals Council of the Social Security Administration. The decision states, in relevant part:

> If you disagree with my decision, you may file an appeal with the Appeals Council… To file an appeal, you must ask in writing that the Appeal Council review my decision. The preferred method for filing your appeal is by using our secure online process available at http://www.ssa.gov/benefits/disability/appeal.html. You may also use our Request for Review form (HA-520) or write a letter. The form is available at http://www.ssa.gov/forms/ha-520.html... You may call (800) 772-1213 with questions. Please send your request to: Appeals Council, 5107 Leesburg Pike, Falls Church, VA 22041-3255.

Dkt. No. 1-1 at 8. The Notice of Unfavorable Decision further explained that the deadline for Plaintiff to file a request for review with the Appeals Council was December 7, 2023. *Id*. Plaintiff filed this civil action in the U.S. District Court for the Western District of Oklahoma on January 9, 2024. *See* Dkt. No. 1. It was later transferred to this Court. *See* Dkt. Nos. 7–8.

Plaintiff appears to assert in her Complaint that she completed the final administrative step—timely filing a request for review with the Appeals Council—before initiating this action in federal court. She states that after the ALJ's unfavorable decision, "this case was appealed in approximately December 2023 and no word thus far on the appeal after several attempts to get a status update." Dkt. No. 1 at 6 (cleaned up).

In support, Plaintiff attaches to her Complaint a Form SSA-561-U2 (Request for Reconsideration) listing the issue being appealed as the ALJ's unfavorable decision following the hearing on September 26, 2023. Dkt. No. 1-1 at 1. However, Form SSA-561-U2 is used for reconsideration at an earlier stage of the administrative process—not for Appeals Council review. The instructions accompanying the ALJ's decision instead direct claimants to file a Request for Review using Form HA-520.

Plaintiff also attaches to her Complaint a typed letter requesting an appeal following the ALJ's unfavorable decision. *See* Dkt. No. 1-1 at 20–25. The letter is addressed to both the Office of Hearing Operations and the Appeals Council of the Social Security Administration. *Id.* at 20. The letter is dated December 2, 2023—five days before the stated deadline. *Id.* The letter, however, is not signed. *Id.* Both the incorrect Form SSA-561-U2 and the unsigned typed letter contain no indication that they were mailed, submitted online, or otherwise received by the Appeals Council.

Defendant submits, in support of its Motion, a signed declaration from Ari Levin, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration. *See* Dkt. No. 11-1 at 1–3. The declaration,

made under the penalty of perjury, states that "[t]here is no indication that a request for review of [the ALJ's decision] was filed with the Appeals Council." *Id*. at 3.

### C. Analysis

To survive the Commissioner's Rule 12(b)(6) challenge, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In its jurisdictional analysis, the district court [may] properly consider[] documents provided by the Federal Defendants that [are] central to [the Plaintiff's] claims in response to the Federal Defendants' factual attack on jurisdiction." *Chambers*, 86 F.4th at 1107 n.6.; *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, the burden of proving federal jurisdiction rests with the party asserting it. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Here, accepting Plaintiff's factual allegations as true—that she submitted an appeal to the Appeals Court "in approximately December 2023 and no word thus far on the appeal after several attempts to get a status update"—it is undisputed that Plaintiff had not received a final decision of the Commissioner at the time she filed suit in federal court. *See Robert A.*, 2024 WL 4269676, at *3 (Granting defendant's motion to dismiss under 12(b)(6) after plaintiff stated in his complaint that he had "not received a notice" about his appeal to the Appeals Council). In light of Defendant's signed declaration and Plaintiff's failure to respond with any evidence of mailing, online submission, or receipt of her purported request for review, Plaintiff has not met her burden of demonstrating administrative exhaustion. Because Plaintiff has not shown the existence of a final agency decision—

either in the form of a decision by the Appeals Council or a notice denying review from the Appeals Council—this Court lacks subject-matter jurisdiction to review Plaintiff's claims.

Lastly, Plaintiff does not claim that her case warrants a waiver of the exhaustion requirement. Nor do there appear to be any circumstances present that might justify a waiver in this instance. *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007). There is nothing in this case that suggests that exhaustion would be "plainly inadequate" or futile, or that "irreparable injury will result absent immediate judicial review." *Id.*; *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997). Finally, Plaintiff's claim does not raise a matter of constitutional law. *See id*. Simply put, there are no "extraordinary circumstances" present that might warrant a waiver of the exhaustion requirement. *See Dawson Farms, LLC*, 504 F.3d at 606.

### D. Conclusion

Accordingly, because Plaintiff failed to exhaust all administrative remedies, the Court **GRANTS** Defendant's Motion to Dismiss, and Plaintiff's claims are **DISMISSED without prejudice**.

ORDERED this 23rd day of February 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE